IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 08-cv-00513-CMA-KMT

TOTAL RENAL CARE, INC.,

       Plaintiff/Counter Defendant/Counterclaim Defendant,

v.

WESTERN NEPHROLOGY AND METABOLIC BONE DISEASE, P.C., and
AMERICAN RENAL ASSOCIATES, INC.,

       Defendants/Counterclaimants/Third Party Plaintiffs,

MICHAEL ANGER, M.D.,
MATTHEW ESSON, M.D.,
DAVID GILLUM, M.D.,
RICHARD HALTERMAN, M.D.,
KAREN LOCHHEAD, M.D.,
THOMAS MOONEY, M.D.,
HARMEET SINGH, M.D.,
DOES 10 THROUGH 50, and

       Defendants.

DAVITA, INC.,

       Counterclaim Defendant/Third Party Defendant.

---

## STIPULATED PROTECTIVE ORDER
---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in FED. R. CIV. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Upon good-faith review by counsel, information designated by any counsel to this litigation as "CONFIDENTIAL" shall be information that is confidential or proprietary patient, medical, technical, scientific, financial, or business information designated as such by the furnishing party. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. Upon good-faith review by counsel, information designated by any counsel to this litigation as "HIGHLY CONFIDENTIAL" shall be any information that is especially sensitive and the heightened level is so designated by the producing party. This heightened designation may be used only for the following types of past, current, or future information: (i) marketing, pricing, cost, salary, payment, and similar non-public financial information, (ii) strategic plans or non-public market analyses, (iii) product or services cost information, (iv) product or services supplier information, (v) customer or non-public patient information, (vi) technical data, and (vii) any other information the disclosure of which a party in good faith believes would cause competitive harm.

5. Any information designated by any party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" must first be reviewed by a lawyer, who will certify that the designation is based on a good-faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

6. The parties are expressly authorized, under 45 CFR 164.512(e), to produce to each other all relevant protected health information related to the discovery requests. Regardless of labeling, the protections of "HIGHLY CONFIDENTIAL" automatically apply to any such protected health information, whether it is in documents, interrogatory answers or responses, deposition testimony, and/or other discovery containing any medical information about a party or any third party, including all information protected under the federal Health Insurance Portability and Accountability Act.

7. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case (including both in-house attorneys for a given party and outside counsel);

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

8. HIGHLY CONFIDENTIAL documents, materials, and/or information (collectively "HIGHLY CONFIDENTIAL information") shall not, without the consent of the

party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

      (a) outside counsel actively working on this case;

      (b) persons regularly employed or associated with outside counsel actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

      (c) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

      (d) the Court and its employees ("Court Personnel");

      (e) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

      (f) other persons by written agreement of the parties.

9. Prior to disclosing any CONFIDENTIAL or HIGHLY CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

10. Items are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

11. Whenever a deposition involves the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL and shall be subject to the provisions of this

Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or HIGHLY CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

12. A party may object to the designation of particular CONFIDENTIAL or HIGHLY CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as HIGHLY CONFIDENTIAL, under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

13. In the event of an inadvertent disclosure by any party of an item arguably protected by the attorney-client or work-product privilege, the receiving party must, upon discovery, (a) promptly notify the disclosing party and (b) return to the disclosing party the item. Additionally, if any party who inadvertently discloses such an arguably privileged item notifies

the receiving party, the item is considered presumptively privileged, subject to review by this Court, and the receiving party must return to the disclosing party the item. Unless this Court rules otherwise, any item subject to this "clawback" provision presumptively has no evidentiary value whatsoever.

14. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL or HIGHLY CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL or HIGHLY CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL or HIGHLY CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

SO ORDERED on this 27th day of October, 2008.

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge