**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-00513-CMA-KMT

TOTAL RENAL CARE, INC.,

    Plaintiff,

v.

WESTERN NEPHROLOGY AND METABOLIC BONE DISEASE, P.C.,
MICHAEL ANGER, M.D.,
MATTEW ESSON, M.D.,
EILEEN FISH, M.D.,
DAVID GILLUM, M.D.,
RICHARD HALTERMAN, M.D.,
MARK HARRISON, M.D.,
KAREN LOCHHEAD, M.D.,
THOMAS MOONEY, M.D.,
HARMEET SINGH, M.D.,
AMERICAN RENAL ASSOCIATES INC., and
DOES 1 THROUGH 50,

    Defendants.


AMERICAN RENAL ASSOCIATES, LLC,

    Counterclaim Plaintiff,

v.

TOTAL RENAL CARE, INC., and
DAVITA, INC.,

    Counterclaim Defendants.

---

**ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT**

This matter is before the Court *sua sponte* on review of the parties' motions for summary judgment (Doc. ## 193, 197) and motion to supplement the summary judgment record (Doc. # 248).

The Court has taken stock of the motions, briefs, and various attachments. Between the two motions for summary judgment, including all briefs (in support of the motion, as well as in response and reply) and attachments, the parties have filed **1,894 pages** of materials for the Court to consider. The Western Defendants' motion for summary judgment encompasses Doc. ## 193, 194, 205, 216, 218, 219, and 232 and totals 729 pages, whereas DaVita's motion for summary judgment encompasses Doc. ## 196, 197, 199, 200, 212, 228, 238, and 239 and totals 1,165 pages.

Although the Court did not want to take a "one size fits all" rigid approach to briefing of summary judgment motions, these filings are causing the Court to reconsider its position.[1] The parties' submission of such unreasonably lengthy briefing and voluminous attachments, including the submission of un-transcribed recordings (*See* Doc. # 216, Exhibits 3-18) is overly burdensome, as well as inconsiderate of, and disrespectful to, this Court. Motions for summary judgment do not necessitate this brand of prolix briefing. Moreover, the parties completely disregarded the Court's Civil

---

[1] The Court observes that other judges in this District have strict page limits regarding motions for summary judgment. *See, e.g.,* Practice Standards (Civil case), Judge Philip A. Brimmer § III.F.3.a ("Motions and response briefs shall not exceed twenty pages. Reply briefs shall not exceed ten pages") and REB Civ. Practice Standard V.I.4.a. ("Motions and response briefs shall not exceed twenty (20) pages. Reply briefs shall not exceed ten (10) pages.").

Practice Standards, which discourage lengthy briefing[2] and Local Civil Rule 56.1(C), which discourages voluminous exhibits and **requires** that parties "limit exhibits to essential portions of documents." D.C.COLO.LCivR 56.1(C).

Based on the parties' disregard for these rules and principles of judicial economy, the Court DENIES WITHOUT PREJUDICE the Western Defendants' motion for summary judgment (Doc. # 193), DaVita's motion summary judgment (Doc. # 197), and ARA's motion to supplement its response to DaVita's motion for summary judgment (Doc. # 248).

If the parties seek to refile their motions, briefing shall be limited to 30 pages for the motion and brief in support, 30 pages for the responses, and 20 pages for the replies. Attachments shall be limited to only the essential excerpts necessary to the motion or response. In addition, any recordings relied upon shall be transcribed and only the essential excerpts thereof shall be submitted to the Court.

DATED: May __24__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[2] "There are no page limits to motions and briefs (unless specifically ordered by the Court). However, keep in mind that, after 15-20 pages, the attention of the reader will begin to wander and the persuasiveness of your argument may be reduced. In addition, it is unlikely that the Court will grant summary judgment if it takes more than 20 pages to attempt to convince the Court that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." CMA Civ. Practice Standards III.A.1.